## STATE OF CONNECTICUT *v.* JEFFERSON B. DAVIS

Superior Court, Judicial District of Windham at Danielson
File No. CR-03 0119499

Memorandum filed June 26, 2003

*Stephen J. Sedensky III,* supervisory assistant state's attorney, for the state.

*Santos & Seeley,* for the defendant.

*Kaplan & Brennan,* for the minor child.

FOLEY, J. The court is presented with a motion by the defendant, Jefferson B. Davis, to continue the sealing order of an arrest warrant affidavit. The defendant

is a Connecticut state representative who has been charged with sexual assault and risk of injury to a young male child, who was placed in his care by the department of children and families (department). The motion is brought pursuant to the existing Practice Book § 42-49,[1] which will be changed as of July

[1] Practice Book (2003) § 42-49 provides: "Exclusion of the Public; Sealing or Limiting Disclosure of Documents

"(a) Except as provided in this section and except as otherwise provided by law, including Sections 36-2, 40-29 and 40-40 through 40-43 and General Statutes § 54-33c, the judicial authority shall not order that the public, which may include the news media, be excluded from any portion of a court proceeding and shall not order that any files, affidavits, documents, or other materials on file with the court or filed in connection with a court proceeding be sealed or their disclosure limited.

"(b) Upon motion of the prosecuting authority or of the defendant, or upon its own motion, the judicial authority may order that the public be excluded from any portion of a court proceeding and may order that files, affidavits, documents or other materials on file with the court or filed in connection with a court proceeding be sealed or their disclosure limited if the judicial authority concludes that such order is necessary to preserve an interest which is determined to override the public's interest in attending such proceeding or in viewing such materials. Any such order shall be no broader than necessary to protect such overriding interest.

"(c) In connection with any order issued pursuant to subsection (b) of this section, the judicial authority shall, on the record in open court, articulate the overriding interest being protected and shall specify its findings underlying such order. The time and date of any such order shall be entered by the court clerk in the court file together with such order.

"(d) With the exception of orders concerning any session of court conducted pursuant to General Statutes § 54-76h or any other provision of the General Statutes under which the court is authorized to close proceedings, whether at a pretrial or trial stage, no order excluding the public from any portion of a proceeding shall be effective until seventy-two hours after it has been issued. Any person affected by such order shall have the right to the review of such order by the filing of a petition for review with the appellate court within seventy-two hours from the issuance of such order. The timely filing of any petition for review shall stay such order. (See General Statutes § 51-164x.)

"(e) With the exception of orders concerning the disclosure of any documents pursuant to General Statutes § 54-33c or any other provision of the general statutes under which the court is authorized to seal or limit the disclosure of files, affidavits, documents or materials, whether at a pretrial or trial stage, and any order issued pursuant to a court rule that seals or limits the disclosure of any affidavit in support of an arrest warrant, any

## 1, 2003.[2] In order to meet the spirit of the new rules

person affected by a court order that seals or limits the disclosure of any files, documents or other materials on file with the court or filed in connection with a court proceeding, shall have the right to the review of such order by the filing of a petition for review with the appellate court within seventy-two hours from the issuance of such order. Nothing under this subsection shall operate as a stay of such sealing order."

[2] As of July 1, 2003, Practice Book § 42-49 provides: "Closure of Courtroom in Criminal Cases

"(a) Except as otherwise provided by law, there shall be a presumption that courtroom proceedings shall be open to the public.

"(b) Except as provided in this section and except as otherwise provided by law, the judicial authority shall not order that the public be excluded from any portion of a court proceeding.

"(c) Upon motion of the prosecuting authority or of the defendant, or upon its own motion, the judicial authority may order that the public be excluded from any portion of a court proceeding only if the judicial authority concludes that such order is necessary to preserve an interest which is determined to override the public's interest in attending such proceeding. The judicial authority shall first consider reasonable alternatives to any such order and any such order shall be no broader than necessary to protect such overriding interest. An agreement of the parties to close the courtroom shall not constitute a sufficient basis for the issuance of such an order.

"(d) In connection with any order issued pursuant to subsection (c) of this section, the judicial authority shall articulate the overriding interest being protected and shall specify its findings underlying such order. If any findings would reveal information entitled to remain confidential, those findings may be set forth in a sealed portion of the record. The time, date and scope of any such order shall be in writing and shall be signed by the judicial authority and be entered by the court clerk in the court file. The judicial authority shall order that a transcript of its decision be included in the file or prepare a memorandum setting forth the reasons for its order.

"(e) A motion to close a courtroom proceeding shall be calendared so that notice to the public is given of the time and place of the hearing on the motion and to afford the public an opportunity to be heard on the motion under consideration. The notice of the time, date and place of the hearing on the motion shall be posted on a bulletin board adjacent to the clerk's office and accessible to the public. The motion itself may be filed under seal, where appropriate, by leave of the judicial authority.

"(f) With the exception of orders concerning any session of court conducted pursuant to General Statutes § 54-76h or any other provision of the General Statutes under which the court is authorized to close courtroom proceedings, whether at a pretrial or trial stage, no order excluding the public from any portion of a courtroom proceeding shall be effective until seventy-two hours after it has been issued. Any person affected by such order shall have the right to the review of such order by the filing of a

and yet simultaneously comply with the existing Practice Book section, this court, upon receiving the motion, ordered notice of this assignment, the time, date and place of the hearing to be posted outside the clerk of the court's office as is required under the new rule. See Practice Book § 42-49A (e).[3] The court will apply

petition for review with the appellate court within seventy-two hours from the issuance of such order. The timely filing of any petition for review shall stay such order."

[3] Practice Book § 42-49A provides: "Sealing or Limiting Disclosure of Documents in Criminal Cases

"(a) Except as otherwise provided by law, there shall be a presumption that documents filed with the court shall be available to the public.

"(b) Except as provided in this section and except as otherwise provided by law, including Sections 36-2, 40-29 and 40-40 through 40-43 and General Statutes § 54-33c, the judicial authority shall not order that any files, affidavits, documents, or other materials on file with the court or filed in connection with a court proceeding be sealed or their disclosure limited.

"(c) Upon written motion of the prosecuting authority or of the defendant, or upon its own motion, the judicial authority may order that files, affidavits, documents, or other materials on file or lodged with the court or in connection with a court proceeding be sealed or their disclosure limited only if the judicial authority concludes that such order is necessary to preserve an interest which is determined to override the public's interest in viewing such materials. The judicial authority shall first consider reasonable alternatives to any such order and any such order shall be no broader than necessary to protect such overriding interest. An agreement of the parties to seal or limit the disclosure of documents on file with the court or filed in connection with a court proceeding shall not constitute a sufficient basis for the issuance of such an order.

"(d) In connection with any order issued pursuant to subsection (c) of this section, the judicial authority shall articulate the overriding interest being protected and shall specify its findings underlying such order and the duration of such order. If any finding would reveal information entitled to remain confidential, those findings may be set forth in a sealed portion of the record. The time, date, scope and duration of any such order shall forthwith be reduced to writing and be signed by the judicial authority and be entered by the court clerk in the court file. The judicial authority shall order that a transcript of its decision be included in the file or prepare a memorandum setting forth the reasons for its order.

"(e) Except as otherwise ordered by the judicial authority, a motion to seal or limit the disclosure of affidavits, documents, or other materials on file or lodged with the court or filed in connection with a court proceeding shall be calendared so that notice to the public is given of the time and place of the hearing on the motion and to afford the public an opportunity

existing Practice Book § 42-49 together with existing interpretations of the first, fifth, sixth and fourteenth amendments to the United States constitution and article first, §§ 4, 5, 8, 9, and 20, of the constitution of Connecticut.

At the commencement of the hearing, a motion to intervene was filed by the New London Day, a newspaper circulating within eastern Connecticut. The motion

to be heard on the motion under consideration. The notice of the time, date and place of the hearing on the motion shall be posted on a bulletin board adjacent to the clerk's office and accessible to the public. The procedures set forth in Sections 7-4B and 7-4C shall be followed in connection with a motion to file affidavits, documents or other materials under seal or to limit their disclosure.

"(f) (1) A motion to seal the contents of an entire court file shall be placed on a calendar to be held not less than fifteen days following the filing of the motion, unless the judicial authority otherwise directs, so that notice to the public is given of the time and place of the hearing on the motion and to afford the public an opportunity to be heard on the motion under consideration. The notice of the time, date and place of the hearing on the motion shall be posted on a bulletin board adjacent to the clerk's office and accessible to the public. The procedures set forth in Sections 7-4B and 7-4C shall be followed in connection with such motion.

"(2) The judicial authority may issue an order sealing the contents of an entire court file only upon a finding that there is not available a more narrowly tailored method of protecting the overriding interest, such as redaction or sealing a portion of the file. The judicial authority shall state in its decision or order each of the more narrowly tailored methods that was considered and the reason each such method was unavailable or inadequate.

"(g) With the exception of orders concerning the disclosure of any documents pursuant to General Statutes § 54-33c or any other provision of the General Statutes under which the court is authorized to seal or limit the disclosure of files, affidavits, documents, or materials, whether at a pretrial or trial stage, and any order issued pursuant to a court rule that seals or limits the disclosure of any affidavit in support of an arrest warrant, any person affected by a court order that seals or limits the disclosure of any files, documents, or other materials on file with the court or filed in connection with a court proceeding, shall have the right to the review of such order by the filing of a petition for review with the appellate court within seventy-two hours from the issuance of such order. Nothing under this subsection shall operate as a stay of such sealing order.

"(h) The provisions of this section shall not apply to pretrial settlement conferences or negotiations or to documents submitted to the court in connection with such conferences or negotiations."

was granted without objection, and counsel for the newspaper presented argument in opposition to the granting of any order sealing the affidavit.

The court is mindful of the holding of the United States Supreme Court in *Richmond Newspapers, Inc.* v. *Virginia*, 448 U.S. 555, 100 S. Ct. 2814, 65 L. Ed. 2d 973 (1980), that the public and the press have a first amendment right of access to criminal trials. The right of public access to court documents is not absolute, and the decision whether to allow public access is within the sound discretion of the trial court in light of the facts and circumstances of the particular case. See *Nixon* v. *Warner Communications, Inc.*, 435 U.S. 589, 98 S. Ct. 1306, 55 L. Ed. 2d 570 (1978). An affidavit in support of an arrest warrant is necessary and relevant to the performance of the judicial function and, accordingly, is a judicial record. The court is aware of the strong presumption in favor of public inspection and copying of such documents. This right is, however, a qualified right.

In order to seal or limit disclosure of the arrest warrant affidavit, the party seeking to prevent public inspection must advance an overriding protected interest that is likely to be prejudiced. In the present case, the defendant maintains that certain paragraphs in the arrest warrant affidavit contain highly inflammatory and prejudicial information, which, if made generally available to the public, would jeopardize the defendant's ability to obtain a fair and impartial jury within the judicial district of Windham. See *Waller* v. *Georgia*, 467 U.S. 39, 104 S. Ct. 2210, 81 L. Ed. 2d 31 (1984); *State* v. *Kelly*, 208 Conn. 365, 545 A.2d 1048 (1988). Conclusory statements that the defendant's right to an impartial jury will be prejudiced are not sufficient to overcome the right of public access. *State* v. *Kelly*, 45 Conn. App. 142, 147, 695 A.2d 1 (1997) There must be

some compelling demonstration that irreparable damage to a fair trial will likely result from a public disclosure of the information. Such a determination requires specific findings by the court.

The federal courts have indicated that the preferred and most effective means of assuring the defendant a fair trial are best preserved through use of the voir dire. *United States* v. *Martin*, 746 F.2d. 964, 973–74 (3d Cir. 1984); *In re National Broadcasting Co.*, 653 F.2d 609, 617 (D.C. Cir. 1981); *United States* v. *Criden*, 648 F.2d 814, 827–28 (3d Cir. 1981).

The court is aware that safeguarding the physical and psychological well-being of a minor victim of a sexual assault may constitute a compelling interest to seal an affidavit. *Globe Newspaper Co.* v. *Superior Court*, 457 U.S. 596, 606–607, 102 S. Ct. 2613, 73 L. Ed. 2d 248 (1982). This will be a consideration made by the court.

If the defendant is able to demonstrate a compelling case that his opportunity for a fair trial will be jeopardized by the disclosure of the information in the affidavit, the court must next consider how the affidavit can be sealed in a fashion that is as narrow as possible to protect the defendant's compelling interest. The court must also consider if there are alternatives to the sealing of the affidavit and, lastly, the court must make findings adequate to articulate the reasons for the sealing order. This process is done on a case-by-case basis. "[F]or a case-by-case approach to be meaningful, representatives of the press and general public 'must be given an opportunity to be heard on the question of their exclusion.' " Id., 609 n. 25, quoting *Gannett Co.* v. *DePasquale*, 443 U.S. 368, 401, 99 S. Ct. 2898, 61 L. Ed. 2d 608 (1979), (Powell, J., concurring).

The court has considered the following factors. The defendant has sought the sealing order. The requested relief seeks to seal seventeen out of seventy paragraphs

contained in the affidavit. Those seventeen paragraphs include virtually all of the detail that supports the charges. The nature of the charges, sexual assault and risk of injury to a minor child, are very serious criminal charges. The defendant is presumed to be innocent of these charges. The public interest in the openness of judicial proceedings and the public confidence such openness engenders are important considerations in passing upon a request to seal. The arrest warrant affidavit is very detailed in its description of the allegations. The court is aware of coverage of the defendant's case as reported in The Hartford Courant, the New London Day and the Norwich Bulletin, as well as television coverage.

The arrest warrant affidavit contains information that can be generally described as follows: (a) information developed through police investigation; (b) statements in the nature of hearsay made by the present guardians, some of which may be admissible at trial and some of which would normally not be admissible at trial; (c) statements made by the victim that would be admissible at trial; (d) information from the department's records that may be subject to privilege; and (e) inculpatory statements made by the defendant to the police that may be admissible as declarations against his penal interests. The defendant is from a prominent Connecticut family and is presently serving as a state representative. While the court is mindful that this should accord him no greater protection than any other criminal defendant, these facts do support the notion that inordinate attention is focused on the present case by the media by virtue of the defendant's position in public service. The state argues that the redaction of certain paragraphs of the affidavit, as requested by the defendant, would distort the thrust of the affidavit and present an inaccurate picture to the public of the allegations in the warrant. Accordingly, the state wants the affidavit either entirely sealed or entirely unsealed. The New

London Day argued for complete disclosure. The defendant asserts his right to be tried in the judicial district of Windham, where the alleged events occurred, and resists a change in venue as a feasible alternative.

The court makes the following findings. First, there is a substantial probability that the defendant's right to a fair trial will be prejudiced by the intensive publicity that the present case has already attracted. "In this and every other criminal case, the defendant has a Sixth Amendment right to a fair trial. Indeed, the [United States] Supreme Court has stated that 'no right ranks higher than the right of the accused to a fair trial.' " *United States* v. *Giordano*, 158 F. Sup. 2d 242, 244 (D. Conn. 2001), quoting *Press-Enterprise Co.* v. *Superior Court*, 464 U.S. 501, 508, 104 S. Ct. 819, 78 L. Ed. 2d 629 (1984). The Supreme Court has also noted that in cases that arouse intense public interest, as the present case has already done, "adverse publicity can endanger the ability of a defendant to receive a fair trial." *Gannett Co.* v. *DePasquale*, supra, 443 U.S. 378. Trial judges are entrusted with an affirmative constitutional duty to minimize the effects of prejudicial pretrial publicity. See id. " '[B]ecause of the Constitution's pervasive concern for these due process rights, a trial judge may surely take protective measures even when they are not strictly and inescapably necessary.' " *United States* v. *Giordano*, supra, 245, quoting *Gannett Co.* v. *DePasquale*, supra, 378.

Second, additional concerns of the court regard the statements of the present guardians and the protective services workers that would likely be excluded from trial testimony; see *State* v. *Troupe*, 237 Conn. 284, 677 A.2d 917 (1996); *State* v. *Gonzales*, 75 Conn. App. 364, 815 A.2d 1261, cert. granted on other grounds, 263 Conn. 913, 822 A.2d 242 (2003); but which are extremely graphic and likely to be inflammatory. The *Troupe* holding would limit the testimony of the constancy of accusation witnesses to the fact and timing of the sexual

assaults and any details necessary to associate the victim's complaint with the present charges. Those facts include the time, place and number of the alleged attacks, as well as the identity of the assailant. All other explicit detail would likely be inadmissable. Similarly, any paragraphs that may be protected under the rape shield statute, General Statutes § 54-86f, regarding the prior sexual conduct of the victim, if any, should not be publicly disclosed.

Third, certain paragraphs of the warrant contain excerpts from the department's records regarding the victim that have a qualified privilege pursuant to General Statutes § 17a-28 (b). While the defendant has not sought to seal those paragraphs, an attorney or guardian appointed by the court could assert the privilege.

Fourth, there are no reasonable alternatives to the sealing of the affidavit. The voir dire process would not be sufficient to undo the harm done by the disclosure of the full affidavit, which, as indicated, contains very explicit statements, some of which would not likely be presented at trial but which would be exploited by very prejudicial pretrial publicity.

Fifth and finally, the redaction of certain paragraphs is not a reasonable alternative. Both counsel for the state and the defendant believe it to be inappropriate. A properly redacted affidavit would fully eviscerate the thrust of the allegations leaving only a skeleton of the present allegations. The court is unable to fashion more narrowly an order that would effectively protect the rights of the defendant and of the victim

For the foregoing reasons, the arrest warrant affidavit shall remained sealed in its entirety. The court appoints attorney B. Paul Kaplan of Plainfield to act as attorney for the minor child.